# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| ZENG YAN LIU,<br><br>    Petitioner<br><br>v.<br><br>JOHN MATTOS, *et al.*,<br><br>    Respondents. | Case No. 2:26-cv-00161-APG-EJY<br><br>**Order (1) Granting, in part, Amended Petition for Writ of Habeas Corpus and Motion for Preliminary Injunction, and (2) Granting Motions to Seal**<br><br>[ECF Nos. 8, 10, 12, 18] |

     Zeng Yan Liu, an immigration detainee born in China, arrived in the United States on December 25, 2003. He was briefly detained at the Miami International Airport before being released pending resolution of his asylum application. On October 4, 2005, Mr. Liu's requests for asylum, withholding under INA 241(b)(3), and withholding of removal under the Convention Against Torture were denied by an immigration judge.

     Mr. Liu appealed the decisions to the Board of Immigration Appeals (BIA). The BIA denied that appeal on September 20, 2007, and Mr. Liu was ordered removed to China on October 11, 2007. For some unknown reason, he was not removed, and he has continued living and working in the United States.

     Mr. Liu was taken into custody by Immigration and Customs Enforcement (ICE) on approximately October 16, 2025, where he has remained ever since. The respondents contend that the government "is engaged in continuing and progressing efforts to effectuate his removal

to China, pursuant to his final removal order." ECF No. 16 at 2.[1] Mr. Liu filed an Amended Petition for Writ of Habeas Corpus and a motion for a preliminary injunction, both of which seek his immediate release from custody under *Zadvydas v. Davis*, 533 U.S. 678 (2001). ECF Nos. 8, 12.  He also argues that ICE's recently adopted policy of removal to a third country violates his constitutional rights and the Administrative Procedures Act (APA). ECF No. 8 at 15-16; ECF No. 12 at 5-8.

I have jurisdiction to hear a federal habeas corpus petition challenging continued custody after a final deportation order. *Zadvydas*, 533 U.S. at 687.  *Zadvydas* "construed § 1231(a)(6) to mean that an alien who has been ordered removed may not be detained beyond a period reasonably necessary to secure removal, and it further held that six months is a presumptively reasonable period." *Jennings v. Rodriguez*, 583 U.S. 281, 298-99 (2018) (simplified).  "After that, . . . if the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must either rebut that showing or release the alien." *Id.* (quotation omitted).

Mr. Liu has not been held in custody for six months, so the *Zadvydas* six-month presumption does not aid Mr. Liu.  And Mr. Liu has not shown that his detention for less than that period is unreasonable.  Therefore, I deny Grounds One and Two of Mr. Liu's Amended Petition, which rely on *Zadvydas* as the basis for his release.

Grounds Three and Four of the Amended Petition, and his motion for preliminary injunction, argue that ICE recently adopted a policy allowing removal to a third country without

---

[1] The respondents say they attached as Exhibit C to their response documents proving that ICE requested travel documents from the Chinese consulate on January 21, 2026. ECF No. 16 at 3. But Exhibit C is an Identity Verification Form and does not appear to request travel documents. ECF No. 16-4.

sufficient notice and an opportunity for deportees to demonstrate a fear of persecution or torture. ECF No. 8 at 10-12, 15-16; ECF No. 12 at 5-8.  This, Mr. Liu argues, violates his constitutional rights and the APA. *Id*.  The respondents do not address these grounds and therefore concede them. *See also* Local Rule 7-2(d) ("The failure of an opposing party to file points and authorities in response to any motion . . . constitutes a consent to the granting of the motion.").  I therefore grant Grounds Three and Four of the Amended Petition.

Finally, Mr. Liu moves to seal various documents he has filed in support of his Amended Petition and motion for preliminary injunction. ECF Nos. 10, 18.  The motions demonstrate good cause for sealing under *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) and its progeny, so I grant them.

I THEREFORE ORDER that Mr. Liu's Amended Petition for Writ of Habeas Corpus **(ECF No. 8) is granted in part**.  I grant Grounds Three and Four of the Amended Petition.

I FURTHER ORDER that the respondents are prohibited from removing Mr. Liu to a third country without providing him and his counsel an adequate notice of intent to seek removal to a third country and an opportunity to seek to reopen Mr. Liu's immigration court proceedings to seek fear-based relief from removal.

I FURTHER ORDER that Grounds One and Two of Mr. Liu's Amended Petition for Writ of Habeas Corpus are denied without prejudice to refile them if Mr. Liu is detained longer than six months.

I FURTHER ORDER that Mr. Liu's motion for preliminary injunction **(ECF No. 12) is denied as moot** as to the portion that relies on Grounds Three and Four of the Amended Petition. The remainder of the motion is denied without prejudice to refile if Mr. Liu is detained longer than six months.

I FURTHER ORDER that Mr. Liu's motions to seal **(ECF Nos. 10, 18) are granted**. The documents filed at ECF Nos. 11 and 20 will remain under seal.

Dated: March 2, 2026.

                                            ANDREW P. GORDON
                                            CHIEF UNITED STATES DISTRICT JUDGE