**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ZENG YAN LIU, | Case No. 2:26-cv-00161-APG-EJY |
| Petitioner | **Order (1) Granting Second Amended Petition for Writ of Habeas Corpus and (2) Denying as Moot Motion for Preliminary Injunction** |
| v. | |
| JOHN MATTOS, *et al.*, | [ECF Nos. 22, 23] |
| Respondents. | |

Zeng Yan Liu, an immigration detainee born in China, arrived in the United States on December 25, 2003. He was briefly detained at the Miami International Airport before being released pending resolution of his asylum application. On October 4, 2005, Mr. Liu's requests for asylum, withholding under INA 241(b)(3), and withholding of removal under the Convention Against Torture were denied by an immigration judge.

Liu appealed the decisions to the Board of Immigration Appeals (BIA). The BIA denied that appeal on September 20, 2007, and Liu was ordered removed to China on October 11, 2007. For some unknown reason, he was not removed, and he has continued living and working in the United States.

Liu was taken into custody by Immigration and Customs Enforcement (ICE) on approximately October 16, 2025, where he has remained ever since. The respondents previously contended that the government was "engaged in continuing and progressing efforts to effectuate

his removal to China, pursuant to his final removal order." ECF No. 16 at 2.[1]  Liu filed an Amended Petition for Writ of Habeas Corpus and a motion for a preliminary injunction, both of which sought his immediate release from custody under *Zadvydas v. Davis*, 533 U.S. 678 (2001). ECF Nos. 8, 12.  He also argued that ICE's recently adopted policy of removal to a third country violates his constitutional rights and the Administrative Procedures Act. ECF No. 8 at 15-16; ECF No. 12 at 5-8.

I previously denied grounds one and two of Liu's amended petition because at that point, he had not been held in custody for six months, so the *Zadvydas* six-month presumption did not aid him, and he had not shown that his detention for less than that period was unreasonable.[2] ECF No. 21 at 2.  I denied these grounds without prejudice to refile them if he was detained longer than six months. *Id.* at 3.

Liu filed a second amended petition alleging that his detention was about to exceed the 6-month presumptively reasonable period with no significant likelihood that he will be removed in the reasonably foreseeable future. ECF No. 22 at 9-10.  He also moved for a preliminary injunction to compel his release. ECF No. 23.  In response, the government conceded that there "is no significant likelihood of removal in the reasonably foreseeable future regarding this Petitioner." ECF No. 26 at 1.

I have jurisdiction to hear a federal habeas corpus petition challenging continued custody after a final deportation order. *Zadvydas*, 533 U.S. at 687.  *Zadvydas* "construed § 1231(a)(6) to

---

[1] The respondents say they attached as Exhibit C to their response documents proving that ICE requested travel documents from the Chinese consulate on January 21, 2026. ECF No. 16 at 3. But Exhibit C is an Identity Verification Form and does not appear to request travel documents. ECF No. 16-4.

[2] I also granted grounds three and four of the amended petition that challenged ICE's recently adopted policy allowing removal to a third country without sufficient notice and an opportunity for deportees to demonstrate a fear of persecution or torture. ECF No. 21 at 2-3.

mean that an alien who has been ordered removed may not be detained beyond a period reasonably necessary to secure removal, and it further held that six months is a presumptively reasonable period." *Jennings v. Rodriguez*, 583 U.S. 281, 298-99 (2018) (simplified). "After that, . . . if the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must either rebut that showing or release the alien." *Id.* (quotation omitted). The government has conceded there is no likelihood of removal in the reasonably foreseeable future, so release is appropriate.

I THEREFORE ORDER that petitioner Zeng Yan Liu's second amended petition **(ECF No. 22) is GRANTED**.

I FURTHER ORDER that the respondents must release petitioner Zeng Yan Liu from the custody of Nevada Southern Detention Center **no later than Friday, May 8, 2026, and transport him to 501 Las Vegas Blvd South, Las Vegas, Nevada by 5:00 p.m. that same day**. The respondents must advise Liu's counsel of the estimated time of release for coordination purposes.

I FURTHER ORDER that my prior order (ECF No. 21) prohibiting the respondents from removing Liu to a third country without providing him and his counsel an adequate notice of intent to seek removal to a third country and an opportunity to seek to reopen Liu's immigration court proceedings to seek fear-based relief from removal remains in full force and effect.

I FURTHER ORDER that the respondents are prohibited from re-detaining Liu absent proof of changed circumstances making his removal reasonably foreseeable and without first following any required statutory procedures.

I FURTHER ORDER petitioner Zeng Yan Liu's motion for preliminary injunction **(ECF No. 23) is denied as moot**.

I FURTHER ORDER the clerk of court to close this case.

Dated: May 7, 2026.

ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE