**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

ZENG YAN LIU,

    Petitioner

v.

JOHN MATTOS, et al.,

    Defendants

Case No.: 2:26-cv-00161-APG-EJY

**Order**

[ECF No. 29]

I previously ordered the respondents to release Zeng Yan Liu from custody and prohibited them from re-detaining Liu absent proof of changed circumstances making his removal reasonably foreseeable and without first following any required statutory procedures. ECF No. 27 at 3. Despite that order, the respondents detained Liu in Philadelphia, Pennsylvania, and moved him to a detention facility in Louisiana. ECF Nos. 29-32. That prompted Liu to file an emergency motion to enforce my order that he not be re-detained absent proof of changed circumstances. ECF No. 29.

I directed the respondents to show cause why they have detained Liu and why he should not be immediately released. ECF No. 30. I also prohibited the respondents from removing Liu from the United States to China or any other country without further order of this court, and to timely provide Liu all of his necessary medication while he is in custody. *Id.*

The respondents raise two arguments in response. First, they argue that this court is an improper venue because the re-detention took place in Pennsylvania, so I should either dismiss this case or transfer it to Pennsylvania. But I have jurisdiction to interpret and enforce my prior order, so I will not transfer the case to Pennsylvania based on improper venue. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 379-80 (1994) (stating that a federal court has

ancillary jurisdiction to "vindicate its authority[] and effectuate its decrees"); *Travelers Indem. Co. v. Bailey*, 557 U.S. 137, 151 (2009) (stating that a bankruptcy court "plainly had jurisdiction to interpret and enforce its own prior orders").

Second, the respondents state that Liu "was issued a notice of revocation of his release due to a change in circumstances and that his removal to China is significantly likely in the reasonably foreseeable future." ECF No. 32 at 1. They attach a warrant and a notice of revocation of release. ECF No. 33 at 2-5. The notice of revocation of release states that "[c]ircumstances have changed such that there is a likelihood of removal in the reasonably foreseeable future" because "ICE is seeking a travel document to effectuate [Liu's] expeditious removal to China." *Id.* at 4-5. It appears Liu was given this notice on June 15, 2026. *Id.* at 5.

The respondents provide no other evidence to support Liu's re-detention. There is no evidence that ICE has actually requested travel documents from China, when it did so, whether and why it expects to receive travel documents for Liu given that it has been unable to do so in the past, when it expects to receive travel documents, and how long those documents remain valid after the government receives them from China. Because the government needs proof of changed circumstances to re-detain Liu, and the evidence it has provided thus far is insufficient, I order his release.

But the government may have other evidence of changed circumstances to support detention. I therefore will hold a hearing at which the parties can provide evidence on these issues and any other evidence the parties want to offer on (1) whether changed circumstances support Liu's re-detention in conformity with my prior order and (2) whether there is a significant likelihood of Liu's removal to China in the reasonably foreseeable future.

In the meantime, my order that the respondents are prohibited from removing Liu from the United States to China or any other country without further order of this court remains in effect. ECF No. 30. **Additionally, I order the respondents to immediately return Liu to Philadelphia, Pennsylvania and to release him from custody**.

I THEREFORE ORDER that the respondents are prohibited from removing Liu from the United States to China or any other country without further order of this court.

**I FURTHER ORDER the respondents to return Liu to Philadelphia, Pennsylvania by Thursday, June 18, 2026.  The respondents must release Liu from custody in Philadelphia by 5:00 p.m. EDT on June 18, 2026.**  The respondents must advise Liu's counsel of the estimated time and place of release no less than three hours before Liu will be released, for coordination purposes.

I FURTHER ORDER that I will hold a hearing on **Wednesday, July 1, 2026 at 10:00 a.m**. at which the parties may present evidence regarding the respondents' compliance with my order, whether changed circumstances support re-detention, and whether there is a significant likelihood of Liu's removal to China in the reasonably foreseeable future.

DATED this 17th day of June, 2026.

ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE

3